# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NOBLE TORNELLO FONTAINE PIERCE EL-BEY, ) ) ) Plaintiff, pro se, ) ) v. ) ) CITY OF GREENSBORO, ) CITY OF GREENSBORO ) POLICE DEPARTMENT, ) DISTRICT 4 POLICE OFFICER, ) BADGE #110E, JOHN DOE (4), ) ) Defendants. ) | **MEMORANDUM OPINION, ORDER, AND RECOMMENDATION** 1:10CV291 |

This matter is before the court on a motion to dismiss (docket no. 5) by all Defendants. Also pending is a "motion to compel and dismiss Defendants' motion" (docket no. 9) by Pro se Plaintiff Noble Tornello Fontaine Pierce El-Bey ("Plaintiff"). The parties have either responded in opposition to the respective motions, or the time to do so has passed. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motions must be dealt with by way of recommendation. For the following reasons, it will be recommended that Defendants' motion be granted and that Plaintiff's motion be denied as moot.

**BACKGROUND**

Plaintiff Tornello Pierce is a frequent and enthusiastic litigator in the federal court system.[1] This time he has filed a lawsuit against numerous Defendants arising out of a traffic ticket he received in Greensboro for an expired vehicle registration and for driving without an operator's license. For purposes of the pending motion to dismiss, the allegations of Plaintiff's complaint are taken as true. In his pro se complaint, Plaintiff alleges that on or about March 9, 2010, he was stopped by a Greensboro police officer for displaying an expired registration sticker on a vehicle he was driving in Greensboro, North Carolina. Plaintiff was detained at the site of the stop during the officer's investigation. As a result of the stop, Plaintiff received a traffic citation for an expired vehicle registration and for driving without an operator's license. After serving the traffic ticket, the Greensboro police officer ended the stop and allowed Plaintiff to proceed. Based on the above factual allegations, Plaintiff filed this federal complaint, in which he purports to allege a plethora of state and federal claims against various Defendants.

---

[1] Plaintiff is among a group of individuals, sometimes referred to as "sovereign citizens," who claim to be immune from all state and federal laws by virtue of their supposed identities as descendants of indigenous peoples and for other equally absurd reasons. By now, the path of these litigants is well-traveled, and courts have repeatedly rejected their claims as frivolous. This is simply yet another lawsuit by one of these alleged "sovereign citizens," and it should be dismissed in short order.

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, his complaint is subject to review for frivolity and/or malicious filing pursuant to 28 U.S.C. § 1915, as well as for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although each standard is considered separately, the standards overlap and a complaint may be dismissed on either, or both, bases. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

**DISCUSSION**

In his First, Second, Third, and Fifth causes of action, Plaintiff purports to bring claims for relief arising out of various United Nations declarations and centuries-old treaties with foreign countries. As this court has noted in a previous lawsuit, Plaintiff has no right to relief under these purported declarations and treaties, and these claims should therefore be dismissed as frivolous. *See El-Bey v. North Carolina Bd. of Nursing*, Case No. 1:09cv753, 2009 WL 5220166 (M.D.N.C. Dec. 31, 2009).

In his Fourth, Seventh, and Eleventh causes of action, Plaintiff purports to bring claims under various federal statutes and the U.S. Constitution.[2] As to these purported claims, Plaintiff alleges in wholly conclusory fashion that: Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by

---

[2] Ironically, persons who identify themselves as "sovereign citizens," claiming that they are not subject to state or federal or laws, routinely argue that they are at the same time protected by these very laws, particularly the U.S. Constitution.

engaging in an unfair and deceptive trade practice, attempted kidnaping, and "threat of extortion, collusion, coercion and obstruction of justice . . . without due process of law"; Defendants committed fraud by "intentional perversion of truth for purpose [sic] against Plaintiff to deprive [sic] of liberty and property"; Defendants committed a "false arrest and imprisonment . . . by restraining Plaintiff [sic] liberty"; and Defendants violated "TRADEMARK AND TRADE NAME/COPYRIGHT without permission from Plaintiff" of "TORNELLO FONTAINE PIERCE EL-BEY©™".[3] All of these purported claims should be dismissed as either frivolous and/or for failure to state a claim, as none of these claims can conceivably arise from Plaintiff's factual allegations: that he was given a traffic ticket for an expired vehicle registration and for driving without an operator's license.

Next, in his Sixth, Eighth, Ninth, and Tenth causes of action, to the extent that Plaintiff is attempting to allege various state law claims, those claims also fail. Plaintiff's complaint purports to bring claims for intentional infliction of emotional distress, fraud, trespass, and conspiracy. First, Plaintiff fails to allege any particularized allegations of fraud as required under North Carolina law. Furthermore Plaintiff has not alleged any facts showing a trespass upon any of his property, or any outrageous conduct to support his emotional distress claim. Finally,

---

[3] The trademark and copyright causes of action apparently relate to the bizarre theory by persons such as Plaintiff that their given names are fictional creations and that this somehow insulates them from state and federal laws, such as laws requiring them to register their vehicles or obtain drivers' licenses. *See, e.g., United States v. Delatorre*, No. 03 CR 90, 2008 WL 312647, at *2 (N.D. Ill. Jan. 30, 2008).

the civil conspiracy claim lacks any factual basis that would even allow an inference of an agreement among Defendants to violate Plaintiff's rights.[4]

In sum, Plaintiff's entire complaint is frivolous and/or fails to state a proper claim for relief, and the case should be dismissed with prejudice.

**CONCLUSION**

It is therefore **ORDERED** that in forma pauperis status be granted for the sole purpose of entering this Recommendation. **IT IS RECOMMENDED** that Defendants' motion to dismiss (docket no. 5) be **GRANTED**; that Plaintiff's motion to compel and dismiss Defendants' motion (docket no. 9) be **DENIED** as moot; and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

/s/ Wallace W. Dixon
WALLACE W. DIXON
United States Magistrate Judge

August 16, 2010

---

[4] In addition to the fact that Plaintiff simply fails to state a claim against any Defendants, the named Defendants could be dismissed for various alternative reasons, including that the doctrine of sovereign immunity bars Plaintiff's state law claims against Defendant City of Greensboro. Furthermore, the "Greensboro Police Department" is not an entity capable of being sued.