IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NOBLE TORNELLO FONTAINE PIERCE EL-BEY, | ) ) ) |
| Plaintiff, pro se, | ) ) |
| v. | ) ) ) 1:10CV291 |
| CITY OF GREENSBORO, CITY OF GREENSBORO POLICE DEPARTMENT, DISTRICT 4 POLICE OFFICER, BADGE #110E, JOHN DOE (4), | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

On August 16, 2010, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed, notice was served on the parties in this action, and a copy was given to the Court. Within the time limitation set forth in the statute, Plaintiff ("Mr. El-Bey") objected to the Recommendation.

The Court has appropriately reviewed de novo the portions of the Magistrate Judge's report to which objection was made. As explained below, while the Court adopts portions of the Recommendation, the Court remands the case to the Magistrate Judge for reconsideration of Defendants' motion to dismiss for failure to state a claim as to the first, second, third, and fifth causes of action in Mr. El-Bey's

1

complaint.

Mr. El-Bey objected to the Magistrate Judge's conclusion that Mr. El-Bey was seeking to proceed in forma pauperis and the Magistrate Judge's requisite use of the frivolous or malicious standard of review under 28 U.S.C. § 1915. [Docket No. 16 at 5]. Although the Defendants and the Magistrate Judge believed Mr. El-Bey was seeking to proceed in forma pauperis, he was not. Mr. El-Bey paid the $350.00 filing fee on April 16, 2010, the date he filed his complaint, as evidenced by receipt number NCM010686. See Docket. Consequently, the frivolous or malicious standard of review under 28 U.S.C. § 1915 is inappropriate. However, the Magistrate Judge also reviewed the fourth, sixth, seventh, eighth, ninth, tenth and eleventh causes of action for failure to state a claim. He found those claims not only were frivolous or malicious, but also failed to state a claim for which relief could be granted. [Docket No. 14 at 3-5]. This Court agrees with the Magistrate Judge's conclusion that Mr. El-Bey failed to state a claim for relief as to the fourth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action.

However, the Magistrate Judge recommended dismissal of the first, second, third, and fifth causes of action because they were frivolous with no mention of whether or not they stated a claim for relief. The conclusion that these claims were frivolous was based on a previous case in which Mr. El-Bey was the plaintiff and made allegations based on similar causes of action. Notably, though, in the previous case, Mr. El-Bey was seeking to proceed in forma pauperis and, therefore, subject to the

2

frivolous and malicious standard of review under 28 U.S.C. § 1915. The Court remands the case to the Magistrate Judge for review of the first, second, third, and fifth causes of action to determine whether or not they state a claim for relief. Mr. El-Bey will then have the opportunity to object to the Recommendation according to the time for objection in 28 U.S.C. § 636(b)(1).

Mr. El-Bey also objected to the Magistrate Judge's jurisdiction over his case, because Mr. El-Bey did not consent to the Magistrate's adjudication of his complaint. In this case, however, the Magistrate Judge is making recommendations to this Court and is not adjudicating Mr. El-Bey's case. In his objections, Mr. El-Bey also contends the Magistrate Judge "has always shown prejudice and impropriety towards [him]." However, the record indicates no such prejudice. The Magistrate Judge's Recommendation takes Mr. El-Bey's allegations as true, as the Magistrate Judge must. Finally, the Magistrate Judge addressed each of Mr. El-Bey's claims in his analysis as to whether they were frivolous or stated a claim for relief.

One day after Defendants filed their motion to dismiss, Mr. El-Bey filed a document entitled "Motion to Compel and Dismiss Defendant [sic] Motion." [Docket No. 9]. The Magistrate Judge recommended denying the motion as moot, since he recommended dismissal of Mr. El-Bey's complaint in its entirety. Mr. El-Bey's pleading is more accurately treated as two documents in one: a response to Defendants' motion to dismiss and a motion to hold the Defendants' attorney in contempt. Thus, the portion of the "Motion to Compel and Dismiss Defendant Motion" that was a

3

response to Defendants' motion to dismiss is treated as a substantive response to the motion. The remainder of the document that sought to have the Court hold Defendants' attorney in contempt is treated as a motion to do such. Since the Magistrate Judge recommended dismissal of that motion as being mooted by a dismissal of all claims, but four of those claims are being remanded, the motion insofar as it seeks a finding of contempt will also be remanded.

For the foregoing reasons, the Court adopts portions of the Magistrate Judge's Recommendation with modification and remands for reconsideration.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss [Docket No. 5] the fourth, sixth, seventh, eighth, ninth, tenth, and eleventh claims be **GRANTED;** that Plaintiff's motion to hold Defendants' attorney in contempt [Docket No. 9] be **REMANDED** along with Defendants' motion to dismiss [Docket No. 5] the first, second, third, and fifth claims.

This, the 25th day of January, 2011.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge