# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NOBLE TORNELLO FONTAINE PIERCE EL-BEY, ) ) ) Plaintiff, pro se, ) ) v. ) ) CITY OF GREENSBORO, ) CITY OF GREENSBORO ) POLICE DEPARTMENT, ) DISTRICT 4 POLICE OFFICER, ) BADGE #110E, JOHN DOE (4), ) ) Defendants. ) | **MEMORANDUM OPINION AND RECOMMENDATION** 1:10CV291 |

This matter is before the undersigned on remand from the district court (docket no. 18) for reconsideration of Defendants' motion to dismiss Plaintiff's First, Second, Third, and Fifth claims (docket no. 5) and for reconsideration of Plaintiff's motion to hold Defendants' attorney in contempt (docket no. 9, titled "Motion to Compel and Dismiss Defendant's Motion"). For the following reasons, it will be recommended that the court grant Defendants' motion to dismiss Plaintiff's First, Second, Third, and Fifth claims, and that the court deny Plaintiff's motion to hold Defendants' attorney in contempt.

**DISCUSSION**

The relevant background regarding Plaintiff's facts and claims can be found in the previous Recommendation of the undersigned, dated August 16, 2010 (docket

no. 14.) In the Recommendation dated August 16, 2010, I assumed incorrectly, and Defendants' attorney in his brief supporting the motion to dismiss assumed incorrectly, that Plaintiff was proceeding in forma pauperis, and I therefore recommended that Plaintiff's First, Second, Third, and Fifth causes of action be dismissed as "frivolous" under 28 U.S.C. § 1915. Because Plaintiff paid a filing fee, the proper standard on Defendants' motion to dismiss was whether these claims failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On remand from the district court, I find that Plaintiff's First, Second, Third, and Fifth causes of action should be dismissed for failure to state a claim under Rule 12(b)(6). As noted in the prior Recommendation, Plaintiff purports to bring claims for relief arising out of various United Nations declarations and centuries-old treaties with foreign countries. Plaintiff has no right to relief under these purported declarations and treaties, and these claims should therefore be dismissed for failure to state a claim. *See El-Bey v. North Carolina Bd. of Nursing*, Case No. 1:09cv753, 2009 WL 5220166 (M.D.N.C. Dec. 31, 2009) (dismissing the same claims as frivolous). In sum, it will be recommended that the court dismiss Plaintiff's First, Second, Third, and Fifth causes of action for failure to state a claim under Rule 12(b)(6).

Finally, as to the motion by Plaintiff for a finding of contempt against Defendants' attorney (docket no. 9), the motion should be denied, as Plaintiff has not sufficiently alleged grounds for a finding of contempt. Indeed, Plaintiff's stated

2

reasons for a finding of contempt against Defendants' attorney are nonsensical, rambling, and utterly without merit.

**CONCLUSION**

On remand for further consideration, for the reasons stated herein, **IT IS RECOMMENDED** that the court grant Defendants' motion to dismiss as to Plaintiff's First, Second, Third, and Fifth causes of action for failure to state a claim under Rule 12(b)(6) (docket no. 5). Furthermore, **IT IS RECOMMENDED** that the court deny Plaintiff's motion (docket no. 9) for a finding of contempt against Defendants' attorney.

_____
WALLACE W. DIXON
United States Magistrate Judge

March 23, 2011